IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS *et al.*,<br><br>  Plaintiffs-Appellees,<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH *et al.*,<br><br>  Defendants-Appellants. | No. 25-1343 |
| ASSOCIATION OF AMERICAN MEDICAL COLLEGES *et al.*,<br><br>  Plaintiffs-Appellees,<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH *et al.*,<br><br>  Defendants-Appellants. | No. 25-1344 |
| ASSOCIATION OF AMERICAN UNIVERSITIES *et al.*,<br><br>v.<br><br>DEPARTMENT OF HEALTH & HUMAN SERVICES *et al.*,<br><br>  Defendants-Appellants. | No. 25-1345 |

**CONSENT MOTION TO EXPEDITE BRIEFING
AND ORAL ARGUMENT**

Pursuant to Federal Rules of Appellate Procedure 2(a) and 27 and

Circuit Internal Operating Procedure VII.B, defendants-appellants respectfully

move to expedite briefing and oral argument in the above-captioned appeals in accordance with the proposed schedule below, with all parties' consent.

**1.** Plaintiffs-appellees Commonwealth of Massachusetts *et al.* (No. 25-1343), Association of American Medical Colleges *et al.* (No. 25-1344), and Association of American Universities *et al.* (No. 25-1345) brought suit in the District of Massachusetts challenging a Supplemental Guidance issued by the National Institutes of Health (NIH) on February 7, 2025.[1]  That Supplemental Guidance "implements and makes publicly available NIH's updated policy deviating from the negotiated indirect cost rate for new grant awards and existing grant awards," under which "there will be a standard indirect rate of 15% across all NIH grants for indirect costs in lieu of a separately negotiated rate for indirect costs in every grant."

**2.** On March 5, 2025, the district court entered a preliminary injunction in all three cases enjoining "Defendants and their officers, employees, servants, agents, appointees, and successors … from taking any steps to implement, apply, or enforce the Supplemental Guidance ... in any form with respect to institutions nationwide until further order issued by this Court."  Op. 75-76.

---

[1] *See* Supplemental Guidance to the 2024 National Institutes of Health ("NIH") Grants Policy Statement: Indirect Cost Rates (NOT-OD-25-068), https://grants.nih.gov/grants/guide/notice-files/NOT-OD-25-068.html.

**3.** Following entry of that injunction, and with plaintiffs' consent, the government moved to terminate the district court proceedings through entry of final judgment. The government explained that no further record or evidentiary submissions were necessary; that the relevant legal issues were now ripe for appeal; and that entering immediate judgment would conserve both judicial and party resources. After the district court entered final judgment on April 4, 2025, the government promptly appealed on April 8, 2025, and filed its docketing statement and related forms in this Court on April 11, 2025.

**4.** In keeping with the parties' efforts to seek expeditious resolution of this dispute, and because of the importance of the matters involved, the government respectfully requests that these appeals proceed in expedited fashion. The government respectfully proposes the following briefing schedule: appellants' opening brief due by May 9, 2025; appellees' response brief(s) due by June 10, 2025; and appellants' reply brief due by July 1, 2025. The government further proposes that these appeals be set for oral argument during the Court's next scheduled sitting during the last week of July or as soon as otherwise is possible.

**5.** We have consulted with opposing counsel, who have indicated that plaintiffs-appellees consent to the proposed schedule for briefing and oral argument set forth above.

## CONCLUSION

For the foregoing reasons, the consent motion to expedite should be granted, and the Court should adopt the above-proposed schedule for briefing and argument in these appeals.

Respectfully submitted,

COURTNEY L. DIXON
 /s/ *Jeffrey E. Sandberg*
JEFFREY E. SANDBERG
  Attorneys, Civil Division, Appellate Staff
  U.S. Department of Justice
  950 Pennsylvania Ave. NW, Rm. 7214
  Washington, DC  20530
  Phone: (202) 532-4453
  jeffrey.e.sandberg@usdoj.gov

Counsel for Defendants-Appellants

April 21, 2025

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because it contains 477 words, according to the count of Microsoft Word. The motion complies with Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Calisto MT, a proportionally spaced typeface.

/s/ *Jeffrey E. Sandberg*
Jeffrey E. Sandberg
Counsel for Defendants-Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2025, I electronically filed the foregoing motion with the Clerk of Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. The participants in this case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Jeffrey E. Sandberg*
Jeffrey E. Sandberg
Counsel for Defendants-Appellants